IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**

NOV 0 9 2018

TIMOTHY M. O'BRIEN CLERK
By __C A__ Deputy

Scott B. Sullivan )
)
7214 W 71st Terrace )
)
Overland Park, KS 66204 )
(Enter above the full name of the Plaintiff(s) )
)
vs. )   Case Number __2:18-cv-02606-JAR-TJJ__
)
Adventist Health Systems, et. Al. )
Name )
900 Hope Way )
Street and number )
Altamonte Springs, Florida 32714 )
City          State          ZipCode )

(Enter above the full name and address of the
Defendant in this action - list the name and
address of any additional defendants on the back
side of this sheet).

## CIVIL COMPLAINT

I.   Parties to this civil action:

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any, on the back side of this sheet).

A.   Name of plaintiff Scott B. Sullivan

Address 7214 W 71st Terrace; Overland Park, KS 66204

1

(In item B below, write the full name of the defendant in the first blank. In the second blank, write the official position of the defendant. Use item C for the names and positions of any additional defendants).

B.  Defendant Adventist Health Systems _____ is ~~employed at~~ headquatered at 900 Hope Way, Altamonte Springs, Florida serving consumers in CO, FL, GA, IL, KS, KY, NC, TN, TX, WI

C.  Additional Defendants General Conference Corporation of Seventh-Day Adventists; Shawnee Mission Medical Center; Shawnee Mission Primary Care;Neurosurgery Associates;NewHaven Seventh-Day Adventist Ch;etal

II. Jurisdiction:

(Complete one or more of the following subparagraphs, A., B.1, B.2., or B.3., whichever is applicable.)

A. (If Applicable) Diversity of citizenship and amount:
   1. Plaintiff is a citizen of the State of _____ Kansas _____.
   2. The first-named defendant above is either
      a. a citizen of the State of _____; or
      b. a corporation incorporated under the laws of the State of _____ Florida _____ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

   3. The second-named defendant above is either
      a. a citizen of the State of _____; or
      b. a corporation incorporated under the laws of the State of _____ Maryland _____ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

(If there are more than two defendants, set forth the foregoing information for each additional defendant on a separate page and attach it to this complaint.)
Plaintiff states that the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

B.  (If applicable) Jurisdiction founded on grounds other than diversity (Check any of the following which apply to this case).

☑ 1.  This case arises under the following section of the Constitution of the United States or statute of the United States (28 U.S.C. §1331): Constitution, Article____, Section____; Statute, US Code, Title 42 , Section 12181+ .

☑ 2.  This case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. §1343).

☑ 3.  Other grounds (specify and state any statute which gives rise to such grounds):

Medical Malpractice / Mental Health Malpractice

Kansas Consumer Protection Act Deceptive and

Unconscionble acts / practices. Breach&Tortious

Interference w contract.Infliction of MentalAnguish

III.  Statement of Claim:

(State here a short and plain statement of the claim showing that plaintiff is entitled to relief. State what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s). Do not set forth legal arguments. If you intend to allege more than one claim, number and set forth each claim in a separate paragraph. Attach an additional sheet, if necessary, to set forth a short and plain statement of the claim[s].)

Defendants committed wanton, willfull, retaliatory, discriminatory, and fatal medi

cal/mental health malpractice against plaintiff and similarly situated victims of

Tarlov Cyst Disease, injured workers, HealthCare Marketplace consumers,

disabled, medically indigent patients nationwide at all times past to present.

P dates of service (knowns to Ds) to be filed via medical records and affidavits

IV.  Relief:

(State briefly exactly what judgement or relief you want from the Court. Do not make legal arguments.)

3

1) To convene Medical Malpractice Screening Panels 2) Actual damages, punitive damages, compensatory damages exceeding $75,000; 3) Declaratory/injunctive relief 4) Joinder/Mandamus 5) All relief P is entitled to pursuant to Rule 54(c)

V. Do you claim the wrongs alleged in your complaint are continuing to occur at the present time? Yes [X]  No [ ]

VI. Do you claim actual damages for the acts alleged in your complaint? Yes [X]  No [ ]

VII. Do you claim punitive monetary damages? Yes [X]  No [ ]

If you answered yes, state the amounts claimed and the reasons you claim you are entitled to recover money damages.

Punitive damages / civil penalties in excess of $21,900,000 are sought. NOTE: Maximum civil penalties and damages are requested for punitive and deterrent purposes. The KCPA states the will of the legislature to authorize penalties of up $20000/day for ongoing violations against protected consumers.(KSA 60-676+) KS Malpractice statutes authorize up to $5,000,000/vic. Aggravating circs exist. Deferment to Federal/State/Class representative will be sought for max penalties

VIII. Administrative Procedures:

    A. Have the claims which you make in this civil action been presented through any type of Administrative Procedure within any government agency?
Yes ☐   No ☒

    B. If you answered yes, give the date your claims were presented, how they were presented, and the result of that procedure:

_____

_____

_____

    C. If you answered no, give the reasons, if any, why the claims made in this action have not been presented through Administrative Procedures:

Disability arose out of work injury, complicated by TCD & Frauds against

P (and similarly situated persons nationwide). Case exceeds jurisdiction

of administrative courts. Complexity exceeds willingness of private counsel

IX. Related Litigation:

Please mark the statement that pertains to this case:

☐ This cause, or a substantially equivalent complaint, was previously filed in this court as case number _____ and assigned to the Honorable Judge _____.

☑ Neither this cause, nor a substantially equivalent complaint, previously has been filed in this court, and therefore this case may be opened as an original proceeding.

                             /s/ Scott B. Sullivan  11/08/09
                             Signature of Plaintiff

                             Scott B. Sullivan
                             Name (Print or Type)

                             7214 W 71st Terrace
                             Address

Overland Park, KS 66204
City      State      Zip Code

(913) 265-5949
Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates { ☐ Wichita, ☒ Kansas City, or ☐ Topeka }, Kansas as the
(Select One)
location for the trial in this matter.

*Scott B. Sullivan* 11/08/09

/s/ Scott B. Sullivan 11/08/09
Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury { ☒ Yes or ☐ No }
(Select One)

*Scott B. Sullivan* 11/08/09

/s/ Scott B. Sullivan 11/08/09
Signature of Plaintiff

Dated: 11/08/2018
(Rev. 10/15)

6

## COUNT I MEDICAL / MENTAL HEALTH MALPRACTICE (continued)

### Statement of Claim (continued)

On November 8th, 2016, I experienced a severe escalation of symptoms which included blindness, dizziness, falling, and vomiting; which required that I be transported by ambulance to Shawnee Mission Medical Center for emergency care.

Throughout the examination, the entire staff admitted that they had no familiarity with Tarlov Cyst Disease; and with the exception of one nurse, refused to acknowledge any of my symptoms.

During the course of the examination by Amanda DIskin APRN, my right foot became momentarily paralyzed and unresponsive to stimulus. I was forced to stand without supporting my weight, and my right leg collapsed beneath me, causing me to fall painfully to the floor.

Dr., Schmidt who was the supervising physician was called in, and angrily insisted that Tarlov Cysts do not cause symptoms; and refused to perform an MRI to assess the escalation of my symptoms and to rule out cerebral spinal fluid leakage.

Dr. Schmidt was presented with a series of two prior MRIs which showed an increase in the size of the largest cyst by up to 25% over the course of six months (From October, 2015 to April 2016

Due to the private nature of medical and mental health records: Medical records, mental health records, affidavits, and documentary evidence will be filed under seal to ensure fair and full disclosure to each defendant at the time of service.

Efforts have been made to confer with most defendants to resolve the disputes alleged herein without the necessity of litigation.

Each defendant is fully aware and custodian of records regarding the dates, times, and nature of services provided to the defendant relative to the claims herein.

# COUNT II - AMERICANS WITH DISABILITIES ACT VIOLATIONS (42 USC 12181 et seq)

## Statement of Claim

All named defendants who conduct business within the health care industry ( including mental health professionals / counselors) have failed to acknowledge, diagnose, and properly treat the plaintiff and all similarly situated persons with Tarlov Cyst Disease. Tarlov Cyst Disease is a congenital connective tissue disorder affecting the spinal nerve root sheaths which results in the formation of painful and often debilitating nerve root cysts subsequent to otherwise minor to moderate spinal trauma.

Tarlov Cysts were allegedly visible on plaintiff's first MRI study (April 3, 2012), but were only reported to the patient subsequent to the MRI performed by Menorah Medical Center on October 15th, 2015.

Rather than acknowledging, diagnosing, or treating for Tarlov Cyst Disease, each and all of the named defendants elected to diagnose and treat the plaintiff (and all similarly situated patients) as mere "chronic back pain" sufferers, as suspected opiod drug seekers/addicts, as hypochondriacs, schizophrenics, and possibly psychotics.

Such slanderous allegations are universally applied to sufferers of Tarlov Cyst Disease.

Between 5% and 13% of the adult population has Tarlov Cyst Disease. Between 1% and 2% of the adult population is symptomatic with Tarlov Cyst Disease; with the symptoms ranging from moderate to severe back pain all the way to radicular neuropathy, permanent nerve damage, paralysis, bone erosion, stress fractures, and signature "cerebral spinal fluid headaches".

It was the cerebral spinal fluid headaches, which present to the uninformed sufferer as stroke-like symptoms (sudden sharp pains to the temple, eyes, ears and nose; dizziness, blurred vision, deafness, vomiting, falling), which prompted me to seek emergency medical attention and neurosurgical consultations from these defendants as well as other health care providers.

Universally, even after being informed of the Tarlov Cyst Diagnosis, all medical providers have been dismissive and often abusive, attributing all symptoms to mental illness or opiod drug seeking behavior.

Nationally, more than 98% of all persons with Tarlov Cyst Disease are never informed by their health care providers of the presence of Tarlov Cyst Disease.

100% of all persons with Tarlov Cyst Disease experience abuse, neglect, and medical malpractice.

There is a near zero percent knowledge of Tarlov Cyst Disease among the general population; including without limitation health care professionals (other than radiologists

and neurosurgeons) and legal services professionals, mental health professionals, and state and federal regulators.

Due to the lack of knowledge regarding Tarlov Cyst Disease, Tarlov Cyst Sufferers are particularly susceptible to misdiagnosis, escalating to slander, abuse, neglect, and intentional infliction of mental anguish and emotional distress.

Additionally, because subsequent health care providers are not informed of the connective tissue disorders present in Tarlov Cyst Sufferers, we are regularly subjected to therapies, treatments, and diagnostic procedures which cause substantial and often permanent iatrogenic harms.

Tarlov Cyst Sufferers universally also succumb to anxiety, depression, post traumatic stress; and do in fact often turn to illicitly obtained pain relieving medications due to the refusal of licensed health care professionals to acknowledge, diagnose, and treat the true cause of our symptoms.

The number one cause of death among Tarlov Cyst sufferers is suicide; yet, due to the 98% underreporting of Tarlov Cyst; Tarlov Cyst related suicides are normally attributed to mental illness or to drug overdose; rather than being attributed as suicides caused by Tarlov Cyst Disease.

One mental health professional named within this case has in fact, on two separate occasions suggested that suicide would be "the only way to end your pain;" and that suicide would be preferable to the anticipated abuse, neglect, and retaliation which I will suffer as a result of requesting relief through the courts.

**Relief**

I am seeking declaratory judgment, injunctive relief, damages in excess of $75,000; and joinder of appropriate Federal and State regulators for the initiation of national reform to the policies and procedures of Adventist Health Systems and all associated health care professionals, subsidiaries, employees, contractors, and agents.

Additionally I am seeking all relief to which I may be entitled, "whether asked for in the pleadings or not" pursuant to Federal Rule of Civil Procedure 54(c).

## COUNT III - OBSTRUCTION OF JUSTICE (28 USC 1343, 28 USC 1985)

**Statement of Claim**

Incorporating all facts alleged herein,

Upon information and belief, health care professionals continue to refuse to acknowledge, diagnose, and treat Tarlov Cyst Disease in a loosely organized "quid pro quo" to obstruct medical malpractice claims against their employers, health care organizations, colleagues, and themselves.

Tarlov Cyst Disease, when finally revealed to the affected patients, has usually been present and symptomatic for many years, and often decades; with broad based potential liabilities for all prior health care providers involved in the care of the patient.

Specific to this plaintiff, nearly every named defendant has either expressed or demonstrated an unwillingness to participate in worker's compensation disability

evaluations; and has either expressed or demonstrated a vindictive and prejudicial belief that "chronic back pain" sufferers whose symptoms do not resolve according to a normal schedule and treatment regiment are likely opiod drug seekers, malingerers, mentally ill, and suspected of attempting to defraud worker's compensation or disability systems.

**Relief**

I am seeking declaratory judgment, injunctive relief, damages in excess of $75,000; and joinder of appropriate Federal and State regulators for the initiation of national reform to the policies and procedures of Adventist Health Systems and all associated health care professionals, subsidiaries, employees, contractors, and agents.

Additionally I am seeking all relief to which I may be entitled, "whether asked for in the pleadings or not" pursuant to Federal Rule of Civil Procedure 54(c).

## COUNT IV - KANSAS CONSUMER PROTECTION ACT VIOLATIONS

**Statement of Claim**

The willful refusal of health care providers to provide acknowledgement, diagnosis, and treatment of Tarlov Cyst Disease is a business practice; unsupported by current medical science, and engaged in by health care providers for the primary purposes of avoiding liability for potential iatrogenic complications and concealing medical malpractice on the part of prior health care providers.

12

Prior to diagnosis with Tarlov Cyst Disease, Tarlov Cyst sufferers are most often informed that there are no organic causes to their pain and neurological symptoms; and recommended for mental health counseling or treatment.

Subsequent to diagnosis with Tarlov Cyst Disease, Tarlov Cyst sufferers are universally informed that Tarlov Cysts are "incidental findings" which are "rarely symptomatic"; and patients are recommended for mental health counseling or treatment.

The practices of obscuring the Tarlov Cyst Diagnosis from health care consumers is both deceptive and unconscionable, in violation of The Kansas Consumer Protection Act.

**Relief**

I am seeking declaratory judgment, injunctive relief, damages in excess of $75,000; and joinder of appropriate Federal and State regulators for the initiation of national reform to the policies and procedures of Adventist Health Systems and all associated health care professionals, subsidiaries, employees, contractors, and agents.

Additionally I am seeking all relief to which I may be entitled, "whether asked for in the pleadings or not" pursuant to Federal Rule of Civil Procedure 54(c).

**COUNT V - BREACH OF CONTRACT**

**Statement of Claim**

NOTICE OF INTENT - This notice is to serve as intent to supplement the pleadings subsequent to completion of discovery and medical malpractice panel review alleging breach of contract for failure to provide services in good faith.

### Relief

I am seeking declaratory judgment, injunctive relief, damages in excess of $75,000; and joinder of appropriate Federal and State regulators for the initiation of national reform to the policies and procedures of Adventist Health Systems and all associated health care professionals, subsidiaries, employees, contractors, and agents.

Additionally I am seeking all relief to which I may be entitled, "whether asked for in the pleadings or not" pursuant to Federal Rule of Civil Procedure 54(c).

## COUNT VI - TORTIOUS INTERFERENCE WITH CONTRACT

### Statement of Claim

NOTICE OF INTENT - This notice is to serve as intent to supplement the pleadings subsequent to completion of discovery and medical malpractice panel review alleging breach of contract for failure to provide services in good faith

### Relief

I am seeking declaratory judgment, injunctive relief, damages in excess of $75,000; and joinder of appropriate Federal and State regulators for the initiation of national reform to

the policies and procedures of Adventist Health Systems and all associated health care professionals, subsidiaries, employees, contractors, and agents.

Additionally I am seeking all relief to which I may be entitled, "whether asked for in the pleadings or not" pursuant to Federal Rule of Civil Procedure 54(c).

# COUNT VII - Intentional and or negligent infliction of mental anguish and emotional distress.

## Statement of Claim

NOTICE OF INTENT - This notice is to serve as intent to supplement the pleadings subsequent to completion of discovery and medical malpractice panel review alleging breach of contract for failure to provide services in good faith

## Relief

I am seeking declaratory judgment, injunctive relief, damages in excess of $75,000; and joinder of appropriate Federal and State regulators for the initiation of national reform to the policies and procedures of Adventist Health Systems and all associated health care professionals, subsidiaries, employees, contractors, and agents.

Additionally I am seeking all relief to which I may be entitled, "whether asked for in the pleadings or not" pursuant to Federal Rule of Civil Procedure 54(c).

## STATEMENT OF GOOD FAITH AND EXCUSABLE NEGLECT

I, Scott B. Sullivan, do hereby certify that all allegations made within this pleading are true and supported by substantial competent evidence.

Furthermore, I attest that my physical health has deteriorated to the point of near catatonia; that I suffer from extreme anxiety, depression, Post Traumatic Stress, sleep deprivation, and true fear and terror as a result of the abuse, neglect, and threats made against me.

Despite my best efforts, I have been unable to obtain counsel; and unable to complete any level of pleading which I believe to be sufficient within the time alloted before expiration of the impeding statutes of limitations.

It is my intention to seek appointment of counsel, and leave to supplement the pleadings with such claims as have not yet expired; and to comply to the greatest of my ability with all rules and procedures of the court.

Sadly, I am just not capable.

/s/ Scott B. Sullivan  11/09/09

*[signature]* 11/09/09

16