IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SCOTT B. SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 18-cv-2606-JAR-TJJ |
| | ) | |
| ADVENTIST HEALTH SYSTEMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Stay Discovery (ECF No. 25). In their motion, Defendants Shawnee Mission Medical Center, Inc. (also d/b/a Shawnee Mission Primary Care), Adventist Health Systems, New Haven Seventh-Day Adventist Church, and General Conference Corporation of Seventh-Day Adventist ("Defendants") ask the undersigned Magistrate Judge to enter a stay of discovery pending the presiding District Judge's ruling on their Motion to Dismiss (ECF No. 15). Plaintiff opposes the requested stay. For the reasons discussed below, the Court grants the motion.

Plaintiff's claims arise out of his November 8, 2016 examination at Shawnee Mission Medical Center, where he went for treatment of Tarlov Cyst Disease. Plaintiff, who is pro se, has filed an amended complaint asserting a total of fifteen counts against these Defendants and eleven others, including claims alleging violations of the Americans with Disabilities Act, obstruction of justice, racketeering, Kansas Consumer Protection Act, breach of contract, and tortious interference with contract.[1] Defendants filed a joint motion to dismiss pursuant to

---

[1] The record does not reflect the remaining Defendants have been served.

Federal Rule of Civil Procedure 12(b)(1) and (6), asserting lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[2]

Defendants alerted Plaintiff of their intention to file the instant motion and their understanding that filing the motion acts as a stay of discovery (including Rule 26 initial disclosures) while the motion is pending. Plaintiff disagreed that Defendants were relieved of the obligation to exchange initial disclosures, and in a good faith effort to cooperate, Defendants served their initial disclosures on Plaintiff.[3]

## I.     Legal Standard for Motion to Stay Discovery

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[4] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[5] Therefore, as a general rule, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion.[6] A stay is not favored because it can delay a timely resolution of the matter.[7]

> Although, upon a showing of good cause, the court may . . . stay or limit the scope of discovery to protect a party from annoyance, embarrassment, oppression or undue burden or expense, bare assertions that discovery will be unduly burdensome or that it should be stayed because pending

---

[2] ECF No. 15.

[3] Although the Court is not questioning Defendants' good faith, the undersigned Magistrate Judge also ordered the parties to exchange Rule 26 initial disclosures by July 5, 2019. *See* ECF No. 24.

[4] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[5] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[6] *McCoy*, 2007 WL 2071770, at *2.

[7] *Wolf v. United States*, 157 F.R.D 494, 495 (D. Kan. 1994).

dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.[8]

However, a stay pending a ruling on a dispositive motion is appropriate where the case is *likely* to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the pending motion, or where discovery on all issues in the case would be wasteful and burdensome.[9]

A party seeking a stay of discovery has the burden to clearly show a compelling reason for the court to issue a stay.[10]

## II.     The Parties' Arguments

Defendants argue all discovery should be stayed pending rulings on their motion to dismiss because the motion is very likely to be completely dispositive, the facts sought through discovery would not affect the ruling on the motion, and discovery on all issues and claims would be wasteful and burdensome to Defendants. Even if the amended complaint is not dismissed in its entirety, Defendants argue that staying discovery until the motion is ruled will allow the parties to focus on the issues as narrowed.

Plaintiff objects to the stay of discovery with a lengthy response that focuses on his medical issues. While he asks the Court to deny the requested stay, he does not address the legal standard or respond to Defendants' arguments. Instead, Plaintiff asserts Defendants are (1)

---

[8] *Evello Invs. N.V. v. Printed Media Servs., Inc.,* No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995) (quoting *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990)).

[9] *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf*, 157 F.R.D. at 495). Cases in this district frequently refer to these circumstances as "the *Wolf* factors."

[10] *Evello Invs. N.V.*, 1995 WL 135613, at *3.

attempting to deprive him of the service addresses of the defendants Plaintiff has not yet served, and (2) seeking to prevent development of the factual record by moving to stay discovery and refusing to comply with the initial disclosures.

## III. Application of the Standard to This Case

Based on the wide-ranging amended complaint, discovery in this case may prove burdensome to all parties. The Court rejects Plaintiff's arguments, which do not address the relevant legal standards. Defendants are not obligated to provide Plaintiff with service addresses for other named parties, and the Court finds no evidence to support Plaintiff's assertion that the motion is motivated by a desire to deprive him of that information. Moreover, contrary to Plaintiff's assertion, Defendants made their initial disclosures, which would have provided such information if any of the individuals are likely to have discoverable information.[11] On balance, the Court finds discovery should be stayed. The inconvenience of a temporary stay pending rulings on the motions to dismiss is outweighed by the inefficiency and burden of discovery.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery (ECF No. 25) is **GRANTED**. Discovery is stayed pending District Judge Robinson's ruling on Defendants' Motion to Dismiss (ECF No. 15). If any of Plaintiff's claims survive her order, the undersigned Magistrate Judge will convene another Scheduling Conference.

Dated in Kansas City, Kansas on this 31st day of July, 2019.

_____
Teresa J. James
U. S. Magistrate Judge

---

[11] *See* Fed. R. Civ. P. 26(a)(1) (requiring initial disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses").